UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TROY WALLACE, and CARLOS PEREZ,
and all other level 1 sex offenders, and all
those similarly situated,

                    Plaintiffs,                      **ORDER**
                                                  13-CV-2520 (SJF)(SIL)

   -against-

LAURA AHEARN, director and founder of
Parents for Megan's Law, JAMES BURKE,
County Police Chief, and STEVE BELLONE,
Suffolk County Executive,

                    Defendants.
----------------------------------------------------------X

FEUERSTEIN, J.

       On April 23, 2013, plaintiffs Troy Wallace ("Wallace") and Carlos Perez ("Perez") (collectively, "plaintiffs") on behalf of themselves and "all other level 1 sex offenders and all those similarly situated" [Docket Entry No. 1 at 1][1] commenced this action against defendants Laura Ahearn, director and founder of Parents for Megan's Law ("Ahearn"), James Burke, Suffolk County Police Chief ("Burke"), and Steve Bellone, Suffolk County Executive ("Bellone") (collectively, "defendants"), under 42 U.S.C. §1983 ("Section 1983") alleging "numerous civil rights violations as enumerated in the United States Constitution relating to registered sex offenders which includes but not limited to the Fourth Amendment, the Fifth Amendment, the Fourteenth Amendment, Article 1 Section 10, and the Eighth Amendment." [Docket Entry No. 1 at 1]. On

---

[1]     Because the complaint [Docket Entry No. 1] and plaintiff Wallace's Objections to the Report ("Obj.") [Docket Entry No. 54] both lack paragraph or page numbers, citations to the complaint and Obj. cite to the page numbers in the ECF printouts of those documents.

October 30, 2013, defendants Burke and Bellone moved to dismiss plaintiffs' complaint. [Docket Entry No. 26]. On November 4, 2013, defendant Ahearn moved to dismiss plaintiffs' complaint. [Docket Entry No. 31].[2] On March 13, 2013, plaintiff Wallace filed his opposition to defendants' motions to dismiss. [Docket Entry No. 36]. Plaintiff Perez filed no opposition and did not sign the opposition papers filed by defendant Wallace. On May 1, 2014, defendants filed reply memoranda of law in support of their motions to dismiss. [Docket Entry Nos. 47 and 48].

Now before the Court is the Report and Recommendation of Magistrate Judge William D. Wall dated July 15, 2014 (the "Report"), that defendants' motions to dismiss the complaint be granted because the Court lacks subject matter jurisdiction due to plaintiffs' failure to plead an Article III case or controversy and because the complaint fails to state a claim that is plausible on its face. [Docket Entry No. 51].[3] On August 25, 2014, plaintiff Wallace filed objections to the Report ("Obj.") [Docket Entry No. 54].[4] The Court has fully considered the parties' submissions.[5] For the reasons that follow, the Court adopts the Report in its entirety.

---

[2] In their motions to dismiss, defendants allege, *inter alia*, that plaintiffs' complaint must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

[3] The facts underlying this action are set forth in the Report and are hereby incorporated by reference. *See* Report, at 1-6.

[4] On July 16, 2014, one day after Magistrate Judge Wall issued the Report, plaintiff Wallace filed a Reply in Opposition to Defendants' Motion to Dismiss (the "Reply in Opposition") [Docket Entry No. 52]. This Reply in Opposition further opposes defendants' motions to dismiss but does not specifically object to any of the Report's findings.

[5] Generally, a court should construe submissions by pro se plaintiffs liberally and "interpret[s] them to raise the strongest arguments that they suggest." *Scott v. Rock*, 2013 WL 360398 (E.D.N.Y. Jan. 30, 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The Report's recommendation "that the special solicitude offered to pro se litigants be withdrawn for purposes of this motion given Wallace's control of the lawsuit and his extensive experience as

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify

---

a litigator in this court" (Report, at 9) does not impact its conclusion. While Magistrate Judge Wall states that "the solicitude given to pro se plaintiffs might, under other circumstances, allow the court to infer [that plaintiff Perez is a Level 1 sex offender]," he correctly finds that even if plaintiffs were afforded this special solicitude and the Court were able to infer that plaintiffs are level one sex offenders, the complaint still fails to allege an injury of fact to plaintiffs and therefore must be dismissed. Report, at 11-12 ("Further, even if [plaintiffs] had alleged that they are level 1 offenders, or the Complaint could be construed to find that Perez is a level 1 offender, it fails to allege an injury in fact to either of them.").

any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.  Discussion

All but one of plaintiff Wallace's objections are mere recitations of his original arguments or general and conclusory objections.[6] Wallace's one specific objection to the Report is the reason for its recommendation that the case be dismissed, which Wallace interprets as "being that the plaintiffs opposition to the defendants motion to dismiss lacks one of the plaintiffs signatures, and is therefore being deemed unopposed." Obj., at 2. Plaintiff Wallace argues that "[f]or the Court to overlook, and reduce the constitutional merit relating to the private rights of others and the ex post facto implication of local law 745, due to a ministerial oversight, would prove travesty and with all respect, a blatant undermining of jurisprudence." Obj., at 2. While this specific objection is not repetitive, conclusory or general, it mischaracterizes Magistrate Judge Wall's recommendation. The first paragraph of the Report states that defendants' motions to dismiss are deemed unopposed only as to plaintiff Perez, who did not sign the opposition papers, but are opposed by plaintiff Wallace. Report, at 1 ("The motions are opposed only by Troy Wallace, one of the two named pro se plaintiffs. The other named

---

[6] In his objections to the Report, plaintiff Wallace restates his general and conclusory original arguments that under the Community Protection Act (the "CPA"), "there are ex post facto implications, cruel and unusual punishment as it relates to the United States Constitution, and the violation of the states preemption doctrine as it relates to all levels of sex offenders residing in the county of Suffolk." Obj., at 1. Additionally, in what the Court construes to be an objection to the Report's construction of the complaint as applying to the CPA's and Ahearn's impact on Level 1 sex offenders (Report, at 11), plaintiff Wallace states that "[t]he level one reference in the claim regarding the unlawful electronic posting of such level offenders is only a fraction of the overall claim and not nearly the center of the challenge brought forth" (Obj., at 1), but he fails to point to any specific allegations in the complaint concerning non-level one offenders.

4

plaintiff, Carlos Perez, did not sign the opposition papers, and the motion is thus unopposed as to him."). Furthermore, even if this objection were valid, it is not dispositive as it has no impact on the Report's findings that plaintiffs have failed to allege facts to support an injury-in-fact to either of them and therefore cannot establish standing and that the complaint fails to state a claim that is plausible on its face.[7]

III. Conclusion

For the foregoing reasons, plaintiffs' objections are overruled, the Report is accepted in its entirety, and plaintiffs' claims are dismissed. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: September 17, 2014
Central Islip, New York

---

[7] Because the Court accepts the Report's conclusion that the Court lacks subject matter jurisdiction and that the complaint fails to state a plausible claim for relief, it need not address defendants' remaining arguments for dismissal.

5